MOORE v. WALDO, *Appellant.*

Contract: DEPENDENT CONDITIONS. A and B entered into a written contract, whereby B, in consideration of certain work to be done by A, on his premises, agreed to give him two horses. A having failed to do the work as agreed, a supplementary contract was made, wherein it was agreed that in consideration of B furnishing A with money to pay his taxes and purchase material for the prosecution of the work, the former was to retain the horses after the work was all done, until he should be repaid the amount of his outlays. In a suit by A on the first contract, *Held,* that the right of B to retain the horses under the supplementary contract was dependent on his advancing the money, and unless such advancements were shown to have been made, this contract constituted no defense to the action.

*Appeal from St. Clair Circuit Court.*—HON. J. D. PARKINSON, Judge.

*Johnson & Lucas* for appellant.

NORTON, J.—The petition in this case was filed August 22nd, 1874, and shows that plaintiff and defendant entered into a written contract by which defendant, in consideration of certain mechanical work in excavating a cellar, building house, stable, &c., to be completed by plaintiff on or before October 15th, 1873, was to give to plaintiff two certain horses. The petition alleges a performance of the contract on plaintiff's part, and the failure of defendant to deliver the horses; alleges that the horses were worth $200,

for which amount the plaintiff asks judgment, and also for·
$50 for extra work alleged to have been performed for de-
fendant by plaintiff at defendant's request.

The answer denies the performance of the contract by
plaintiff, and also claims damages for failure of plaintiff
to complete the work in the manner and time specified in
the contract, and also pleads a supplementary written con-
tract, showing acknowledgment by plaintiff that he had
failed to perform the original contract, and agreeing to go
on and complete the work if defendant would furnish nails
to plaintiff and pay plaintiff's taxes then due.    The answer
alleges that by the supplementary contract defendant was
to retain the horses until plaintiff repaid him the amount
paid out by defendant for nails and taxes, and alleges that
defendant paid for plaintiff for the purpose of procuring
the nails aforesaid to be used in the work, and of liquidat-
ing taxes of plaintiff then due, the sum of $21.13, and that
this sum was never repaid to defendant.    The answer also
denies that any extra work was done by plaintiff for de-
fendant.    For a further answer defendant claims the sum of
$100 damages for plaintiff's failure to complete the work
within the time agreed upon; the sum of $50 for the un-
workmanlike manner in which part of the work was per-
formed ; the sum of $50 for failure to construct defendant's
stable according to the dimensions specified in the con-
tract; the sum of $25 for failure to clear defendant's
cellar of rock and dirt; the sum of $21.13 for failure to
repay the amount advanced to enable plaintiff to buy nails
and pay taxes; and the sum of $24 for trouble defendant
experienced in having to keep and winter the horses by
reason of plaintiff's failure to complete the contract and
take them off of his hands.

Plaintiff's reply controverts the new matter set out in
defendant's answer.

Each party introduced evidence tending to prove the
issues on his part, and defendant also introduced the sup-
plementary contract, which was in words and figures fol-

lowing, to-wit: "I, A. J. Moore, of St. Clair county, Missouri, having failed to comply with my contract with Peter Waldo in building his house, hereby agree that if he will furnish me $30 in order to purchase nails and pay taxes, or furnish nails and pay taxes for that amount, or nails sufficient to finish the job, I will proceed and finish the work under the contract aforesaid, by the 10th day of November, 1873, in the best workmanlike manner under said contract, and agree that after the work is all done, said Waldo is to retain the horses I am to receive, until I repay him the money advanced by him.

Witness my hand this 1st day of October, 1873.

(Signed) A. J. MOORE."

Defendant asked the following instruction number two, which was refused by the court, to-wit: The court declares the law to be that the written acknowledgment of plaintiff on the 1st day of October, 1873, that he had failed to comply with his contract, prevents him from recovering at all, unless it is shown that he afterwards fully complied with both the original and supplementary contracts. The court, of its own motion, gave the following declarations of law, to-wit: 1. The court declares the law to be that in no case can plaintiff recover more than the reasonable value of the horses contracted to be given for the work, together with extra work ordered, if the court shall so believe, diminished by the amount paid out by defendant for nails and taxes, and damages defendant sustained by failure of plaintiff to complete the work in time, and in not completing it according to contract, and in cutting down defendant's stable, provided the court is satisfied the same was cut down without permission. 3. That a full compliance with the contract on plaintiff's part, both as to matter and time, is essential to the recovery of a judgment by him, provided there was no subsequent modification or acceptance of modification by Waldo, express or implied.

The finding of the court was for the plaintiff, and judgment was rendered in his favor for $112.87. The de-

fendant assigns for error the action of the court in giving
and refusing instructions. The instructions given by the
court, of its own motion, as shown by the record, were not
excepted to by defendant, and cannot, therefore, be brought
in question here. They are in substance the same as the
first and third asked by defendant and refused by the
court.

The only matter of exception, therefore, for determi-
nation is, the refusal of the second instruction asked by
defendant. This instruction predicates the right of plaintiff
on proof of his full compliance with the terms of the
original and supplementary contracts. It might well have
been refused, because the principle announced by it is
fully recognized by the court in the third instruction. It
is also fatally defective in holding plaintiff bound to a full
compliance with all the terms of the supplementary con-
tract without reference to the fact of compliance therewith
on the part of defendant. The right of defendant to re-
tain the horses under that contract was dependent on his
advancing money for payment of taxes and nails as therein
stipulated, and until such advancement was made by de-
fendant, plaintiff was under no obligation to observe its
terms. This matter of advancement under said contract,
was directly put in issue by the pleadings, and because it
was wholly ignored in the second instruction, it was prop-
erly refused. The principle contended for by defendant,
that when a party sues on a special contract, he must re-
cover only thereon, being fully recognized in the instruc-
tions that were given, we think the judgment should be
affirmed, which, with the concurrence of the other judges,
is done.

AFFIRMED.